IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**FARRIS E. MALLO,**

        Plaintiff,

v.                                           **Civil Action No. 5:24-CV-53**
                                                                Judge Bailey

**RUSSEL MASTON,** Superintendent**,**
**MRS. KRISTEN NICHOLS,** Unit Manager 76-1**, MRS. NICHOLS,** I.P.O.,
**MR. MARTIN LOGAN,** 76-1 Counsel,
**RYAN E. BEALS,** Parole Officer, and
**RUSSELL KNUCKLES,** Parole Officer**,**

        Defendants.

## REPORT AND RECOMMENDATION

### I. Background

On March 18, 2024, the plaintiff, a state inmate incarcerated at Saint Marys Correctional Center in St. Marys, West Virginia, filed a *pro se* Complaint against the above-named defendants pursuant to 42 U.S.C. § 1983. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. The Complaint

In the Complaint, plaintiff alleges that defendants have violated his due process rights. Although the basis of this claim is unclear, it appears that plaintiff is challenging the denial of parole and argues that his home plan should not have been rejected. In his second claim, he states that defendant Mrs. K. Nichols needs to submit the home plan an

1

inmate gives her and not "hold them in her office or make up some policy that does not exist." [Doc. 1 at 7–8]. Third, he challenges the role of defendant Ryan E. Beals, who plaintiff alleges stated "he would never parole me out to my mother address (sic)." [Id. at 8]. Fourth, he states that defendant Russell Knuckles has not visited plaintiff's mother and that he needs to call her to set up an appointment. [Id.]. Fifth, he alleges that defendant Mrs. Nickols needs to continue submitting his home plan regardless of the reason for it being rejected. [Id.]. Finally, in a motion to amend submitted alongside his initial complaint, plaintiff adds a claim challenging the constitutionality of the West Virginia statutes "that would allow State Court to illegally doubling charges from a single action, violating Due Process" and allow longer sentences. [Doc. 5 at 1]. Construing the *pro se* allegations liberally, the undersigned construes this claim as one challenging the legality of plaintiff's underlying convictions or sentences.

### III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. **Haines v. Kerner**, 404 U.S. 519, 520 (1972). A complaint which

fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous.  See **Neitzke** at 328.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless."  **Denton v. Hernandez**, 504 U.S. 25, 32 (1992).  This includes claims in which the plaintiff has little or no chance of success.  See **Estelle v. Gamble**, 429 U.S. 97, 106 (1976).

## IV. Discussion

As an initial matter, the undersigned notes that there are several pending Motions filed by plaintiff: a Motion to Add Two More Defendants [Doc. 5], filed March 18, 2024, a Motion to Prevent Division of Correction and Rehabilitation and/or Any of its Employee or its Actor Within the D.C.R. [Doc. 6], filed March 18, 2024, and a Motion for Appointment of Guardian Ad Litem [Doc. 9], filed March 25, 2024.

In the first Motion, filed at the same time as the Complaint, plaintiff seeks to add defendants Beals and Knuckles to the case and to include his due process claim.  As this was essentially filed as an addendum to the Complaint, the undersigned recommends the Motion [**Doc. 5**] be **GRANTED**, and the undersigned has considered the included claim in this Report and Recommendation.

In the second motion, plaintiff asks for the Court to issue an Order "to prevent the retaliation of, the Employee or its actors with on the D.C.R. grounds."  [Doc. 6 at 1]. Plaintiff provides no reasons justifying why such an order is necessary, and the undersigned recommends that the Motion [**Doc. 6**] be **DENIED**.

---

[1] **Id.** at 327.

Finally, on March 25, 2024, plaintiff filed a Motion for Appointment of Guardian ad Litem, seeking to have a guardian *ad litem* appointed to represent him. Construing the *pro se* motion liberally, the undersigned construes this motion as one for the appointment of counsel.[2] The undersigned notes that in contrast to a criminal proceeding in which the Court has a duty to assign counsel to represent an indigent defendant in accordance with his constitutional rights, the Court in a civil case has the discretion to request an attorney to represent a person unable to employ counsel. *See* 28 U.S.C. § 1915(e)(1). It is well settled that in a civil action, the Court should appoint counsel to represent an indigent only after a showing of a particular need or exceptional circumstances. *See* **Cook v. Bounds**, 518 F.2d 779 (4th Cir. 1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." **Whisenant v. Yuam**, 739 F.2d 160, 163 (4th Cir. 1984).

Upon consideration, the undersigned finds that the circumstances and nature of the claims presented, and the characteristics of the plaintiff do not weigh in favor of granting the appointment of counsel. Insofar as plaintiff intends instead to request the appointment of a guardian *ad litem*, the Court notes that under Federal Rule of Civil Procedure 17(c)(2), the court must appoint a guardian *ad litem* to protect a minor or incompetent person who is unrepresented. The undersigned notes that plaintiff has provided essentially no information supporting the need for a guardian *ad litem*, and in light of the undersigned's finding that the case should be dismissed, finds that appointment of a guardian would be inappropriate. Accordingly, the Motion [**Doc. 9**]

---

[2] And, indeed, in supporting his motion, plaintiff directs the Court to consider the grounds already raised in Civil Action Number 3:24-cv-28, in which he framed his request as one for the appointment of counsel.

should be **DENIED**.

Turning to the claims raised in the Complaint, the undersigned finds that plaintiff has failed to state a claim upon which relief can be granted.  For claims 1 through 5, although plaintiff frames his Complaint as an attack on the failure to implement his proposed home plan, it is clear that plaintiff is, in fact, challenging the denial of parole.  A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of confinement.  ***Preiser v. Rodriguez***, 411 U.S. 475, 499 (1973).  However, In ***Heck v. Humphrey***, 512 U.S. 477 (1994), the United States Supreme Court found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus ...

***Heck*** at 487 (footnote omitted).   Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit.  ***Heck*** at 484.

Here, plaintiff complains of various failures by state employees to ensure that plaintiff's proposed home plan is approved—he complains that defendant Nickols should continue resubmitting the plan, that defendant Beal should not object to the home plan, and that defendant Knuckles should inspect the residence plaintiff proposes to stay at.  It is clear, however, that his ultimate goal is challenging the decisions to deny this home plan, and he complains that the defendants have thus denied his freedom for over a year.  Clearly, a judgment for the plaintiff would necessarily imply the invalidity of plaintiff's sentence.  However, the parole board's decision has not been invalidated.

Likewise, plaintiff's sixth claim, added in his addendum, challenges the constitutionality of various statutes related to the registration and sentencing of sex offenders. Although the precise nature of plaintiff's argument is unclear, he takes issue with the statutes "that would allow State Court to illegally doubling charges from a single action." [Doc. 5 at 1]. He further asks the Court to "give him an alternative sentence to prison and place Mr. Mallo on supervise release." [Id. at 2]. As with his challenges to parole, it is clear that plaintiff's claim is necessarily challenging the validity of his conviction or sentence. Thus, the undersigned finds that the Court should dismiss his claims for failure to state a claim.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's case be **DISMISSED WITH PREJUDICE** for failure to state a claim. The undersigned further recommends that the Motion to Add Two More Defendants [**Doc. 5**], the Motion to Prevent Division of Correction and Rehabilitation and/or Any of its Employee or its Actor Within the D.C.R. [**Doc. 6**] be **DENIED**, and the Motion for Appointment of Guardian Ad Litem [**Doc. 9**] be **DENIED**.

The plaintiff shall have fourteen days from the date of entry of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR

PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**:  March 29, 2024.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE