IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**FARRIS E. MALLO,**

   Plaintiff,

v.              **CIVIL ACTION No. 5:24-CV-53**
                 Judge Bailey

**RUSSELL MASTON,** Superintendent,
**MRS. KRISTEN NICHOLS,** Unit Manager 76-1,
**MRS. NICHOLS,** I.P.O., and
**MR. MARTIN LOGAN,** 76-1 Counsel,
**RYAN E. BEALS,** Parole Officer, and
**RUSSELL KNUCKLES,** Parole Officer,

   Defendants.

## ORDER

   The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 11]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on March 29, 2024, wherein he recommends that plaintiff's case be dismissed with prejudice for failure to state a claim. Magistrate Judge Mazzone further recommends that the Motion to Add Two More Defendants [Doc. 5], the Motion to Prevent Division of Correction and Rehabilitation and/or Any of its Employee or its Actor Within the D.C.R. [Doc. 6], and the Motion for Appointment of Guardian Ad Litem [Doc. 9] be denied. For the reasons that follow, this Court will adopt the R&R.

1

## I. BACKGROUND & STANDARD OF REVIEW

Plaintiff, a state inmate incarcerated at Saint Marys Correctional Center in St. Marys, West Virginia, filed a *pro se* Complaint against the above-named defendants pursuant to 42 U.S.C. § 1983.

In the Complaint, plaintiff alleges that defendants have violated his due process rights. Although the basis of this claim is unclear, it appears that plaintiff is challenging the denial of parole and argues that his home plan should not have been rejected. In his second claim, he states that defendant Mrs. K. Nichols needs to submit the home plan an inmate gives her and not "hold them in her office or make up some policy that does not exist." [Doc. 1 at 7–8]. Third, he challenges the role of defendant Ryan E. Beals, who plaintiff alleges stated "he would never parole me out to my mother address (sic)." [Id. at 8]. Fourth, he states that defendant Russell Knuckles has not visited plaintiff's mother and that he needs to call her to set up an appointment. [Id.]. Fifth, he alleges that defendant Mrs. Nickols needs to continue submitting his home plan regardless of the reason for it being rejected. [Id.]. Finally, in a motion to amend submitted alongside his initial complaint, plaintiff adds a claim challenging the constitutionality of the West Virginia statutes "that would allow State Court to illegally doubling charges from a single action, violating Due Process" and allow longer sentences. [Doc. 5 at 1].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

2

recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Plaintiff filed three (3) documents/motions on April 8, 2024.

Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

### 1.     Motion for Appointment of Counsel [Doc. 13]

The first document/motion is a Motion for Appointment of Counsel for Good Cause Shown [Doc. 13]. Plaintiff states counsel "is needed that he/her may obtain interview,

documentations, and statements from Mrs. Nichols IPO, Mrs. Kristen Nichols, Unit Manager of 76-1; Mr. Martin Logan, Council of 76-1; Mr. Russell Maston, Superintendent; Mr. Russell Knuckles Parole Officer; and Mr. Ryan E. Beals Parole Officer." See [Doc. 14 at 1].

In contrast to a criminal proceeding in which the Court has a duty to assign counsel to represent an indigent defendant in accordance with his constitutional rights, the Court in a civil case has the discretion to request an attorney to represent a person unable to employ counsel. See 28 U.S.C. § 1915(e)(1). It is well settled that in a civil action, the Court should appoint counsel to represent an indigent only after a showing of a particular need or exceptional circumstances. See **Cook v. Bounds**, 518 F.2d 779 (4th Cir. 1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." **Whisenant v. Yuam**, 739 F.2d 160, 163 (4th Cir. 1984).

Upon consideration, the undersigned finds that the circumstances and nature of the claims presented, and the characteristics of the plaintiff do not weigh in favor of granting the appointment of counsel. Thus, this Court **DENIES** plaintiff's Motion for Appointment of Counsel for Good Cause Shown [**Doc. 13**].[1]

## 2.    Notice of Appeal Document [Doc. 14]

Despite being labeled as a Notice of Appeal, this Court construes this document as plaintiff's objections to Magistrate Judge Mazzone's R&R. For relief, plaintiff states:

---

[1] In the R&R, Magistrate Judge Mazzone held the same. See [Doc. 11 at 4].

> [He] is in need of an order to reinstate his action to the court docket for further review, guardian ad litem is needed to interview said respondent since Mr. Mallo is not permitted to interview said respondents, and to obtain needed documents from said respondents or the court can order that the St. Marys Correction Center to permit Mr. Mallo to interview and record all said respondents, have the St. Marys Correctional Center to take Mr. Mallo to obtain the documentation he need for his case, and permit Mr. Mallo to accompany the parole officer so Mr. Mallo can show the parole officer where the home is and let them in to see it.

[Doc. 14 at 3].

Plaintiff's objection to Magistrate Judge Mazzone's recommendation that the case be dismissed without prejudice is that he "is a ward of the State of West Virginia and as such, the State of West Virginia having custody of him, need to be sure, that no government worker violates, denied, deprived Mr. Mallo, his substantive constitutional rights, laws, immunities, and/or privileges herein." See [Doc. 14 at 1]. Plaintiff argues that he has accused the State of West Virginia court(s) of denying, violating, and/or depriving him of his rights to guardian ad litem as provided by the Sixth Amendment.

Moreover, plaintiff states he is "in need of a guardian ad litem to interview the respondents, to get the paper work the petitioner's is unable to inquired upon his own (the interview reports of all respondents involved, get Parole Sheet reason home plan was turn down, the reason parole personal is unable to make a phone call to see said home, the log in and out mileage sheet for the car use to check the home plan, the parole person went

out and done the interview at said address, the gas receipt to prove that the parole personal try to see the home plan, and/or any and all documentation from the government worker upon said petitioner case), in the above named case, . . . appeal(s) to the United States District Court for an Appeal from the Magistrate order, to collect off an indigent incarcerated American, not to appoint guardian ad litem (for a ward of the state) to do interview and obtain documentation, and/or the fact that the honorable court's is recommending to dismiss the case with prejudice without appointment of guardian ad litem, due process of laws and/or equal protection as a ward of the State of West Virginia." See [Doc. 14 at 2–3].

The Sixth Amendment states, in pertinent part: "In all criminal prosecutions, the accused shall enjoy . . . hav[ing] the assistance of counsel for his defense." This Court, as did Magistrate Judge Mazzone, construes this as a request for the appointment of counsel. Construing this as a request for counsel is further supported by the laundry list of items plaintiff seeks help in doing. As noted above, the circumstances and nature of the claims presented, and the characteristics of the plaintiff do not weigh in favor of granting the appointment of counsel.

If plaintiff is requesting the appointment of a guardian *ad litem*, this Court notes that under Federal Rule of Civil Procedure 17(c)(2), the court must appoint a guardian *ad litem* to protect a minor or incompetent person who is unrepresented. The undersigned notes, as did Magistrate Judge Mazzone, that plaintiff has provided essentially no information supporting the need for a guardian *ad litem*, and in light of the undersigned's finding that the case should be dismissed, finds that appointment of a guardian *ad litem* would be inappropriate.

In his objections, plaintiff next argues that defendants Mrs. Kristen Nichols and Mrs. Nichols are "men haters" and are "[d]iscriminating against him because of his crime and the fact that he is a man." Plaintiff states this has been a problem since both defendants Mrs. Kristen Nichols and Mrs. Nichols took their positions at St. Marys Correctional Center.

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." **Green v. Rubenstein**, 644 F.Supp.3d 723, 730 (S.D. W.Va. 2009) (citing **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." **Williams v. New York State Div. of Parole**, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. *See* **Mario v. P & C Food Markets, Inc.**, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." **Mario**, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." *Id.*; *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

7

Plaintiff provides no specific objection to any portion of the R&R. Plaintiff generally argues that two (2) of the defendants are "men haters" and they are discriminating against against him because he is a man.

As held by Magistrate Judge Mazzone:

For claims 1 through 5, although plaintiff frames his Complaint as an attack on the failure to implement his proposed home plan, it is clear that plaintiff is, in fact, challenging the denial of parole. A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of confinement. ***Preiser v. Rodriguez***, 411 U.S. 475, 499 (1973). However, In ***Heck v. Humphrey***, 512 U.S. 477 (1994), the United States Supreme Court found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus ...

***Heck*** at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted

> criminal defendant from collaterally attacking his criminal conviction through a civil suit. ***Heck*** at 484.
>
> Here, plaintiff complains of various failures by state employees to ensure that plaintiff's proposed home plan is approved—he complains that defendant Nichols should continue resubmitting the plan, that defendant Beal should not object to the home plan, and that defendant Knuckles should inspect the residence plaintiff proposes to stay at. It is clear, however, that his ultimate goal is challenging the decisions to deny this home plan, and he complains that the defendants have thus denied his freedom for over a year. Clearly, a judgment for the plaintiff would necessarily imply the invalidity of plaintiff's sentence. However, the parole board's decision has not been invalidated.

[Doc. 11 at 5–6]. Plaintiff does not object to any specific finding in the R&R. Thus, because the objections lack specificity, the objections are **OVERRULED**.

### 3. Motion for Leave to Appeal *In Forma Pauperis* [Doc. 15]

The third document/motion is plaintiff's request to appeal *in forma pauperis*. *See* [Doc. 15]. Under Federal Rule of Appellate Procedure 24(a), if the appellant proceeded *in forma pauperis* at the district court and the district court has not withdrawn its finding of indigent status, appellant's *in forma pauperis* status continues on appeal. *See* Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a). In light of this Court's previous March 28, 2024 Order granting plaintiff's *In Forma Pauperis*, his subsequent Motion for Leave to Appeal *In Forma Pauperis* [**Doc. 15**] is hereby **DENIED AS MOOT**.

9

## III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation [**Doc. 11**] is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Plaintiff's response/objections [**Doc. 14**] are **OVERRULED**.

Plaintiff's Complaint [**Doc. 1**] is hereby **DISMISSED WITH PREJUDICE** for failure to state a claim. The Motion to Add Two More Defendants [**Doc. 5**], the Motion to Prevent Division of Correction and Rehabilitation and/or Any of its Employee or its Actor Within the D.C.R. [**Doc. 6**], the Motion for Appointment of Guardian Ad Litem [**Doc. 9**], the Motion for Appointment of Counsel for Good Cause Shown [**Doc. 13**] are **DENIED**. The Motion for Leave to Appeal In Forma Pauperis [**Doc. 15**] is **DENIED AS MOOT**.

This Court further **DIRECTS** the Clerk to enter judgment in favor of defendants and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: April 12, 2024.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE